**MEI GUANG TANG, Petitioner,**

v.

**Eric H. HOLDER, Jr.,[1] Attorney General, Respondent.**

No. 05–6681–ag.

·United States Court of Appeals, Second Circuit.

July 21, 2009.

---

* The Honorable William K. Sessions III, Chief Judge of the United States District Court for Vermont, sitting by designation.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for for-

Mei Guang Tang, pro se.

Michael J. Garcia, United States Attorney for the Southern District of New York, Natasha Oeltjen, Assistant United States Attorney, David S. Jones, Assistant United States Attorney, New York, NY, for Respondent.

mer Attorney General Alberto Gonzales as

PRESENT: DENNIS JACOBS, Chief Judge, ROBERT A. KATZMANN, B.D. PARKER, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Mei Guang Tang, a native and citizen of China, seeks review of a November 17, 2005 order of the BIA affirming the April 14, 2004 decision of Immigration Judge ("IJ") George T. Chew denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mei Guang Tang,* No. A78 861 493 (B.I.A. Nov. 17, 2005), *aff'g* No. A78 861 493 (Immig. Ct. N.Y. City Apr. 14, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When "the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA". *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008).

As an initial matter, Tang failed to exhaust before the BIA any argument challenging the IJ's findings that: (1) his filing of an admittedly false first asylum application undermined his credibility; (2) his testimony was inconsistent with his airport interview; (3) he had "minimal knowledge" of Christianity; and (4) his testimony was inconsistent with that of his witness. We therefore decline to consider any such challenge in the first instance. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d

respondent in this case.

104, 119–20 (2d Cir.2007). Accordingly, those findings stand as valid bases for the IJ's credibility determination. *See Shunfu Li v. Mukasey,* 529 F.3d 141, 146–147 (2d Cir.2008).

The only argument properly before us is whether the IJ erred in finding it implausible that Tang traveled from Queens to Manhattan to attend church services that were performed in Cantonese and English, given the length of the commute and Tang's testimony that he speaks Mandarin and Foo Chow. In any event, the IJ's adverse credibility determination is adequately supported by the credibility findings, discussed above, that were unchallenged in the BIA. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic,* 519 F.3d at 95. Because the only evidence that he would be persecuted or tortured depended on his credibility, the IJ properly denied Tang's application for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal is DISMISSED as moot.